**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Johnnie HAGAN, Defendant-Appellant.**

No. 73-2043

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1973.

Brooks Taylor, Crestview, Fla., for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Arthur Hagan appeals from his conviction for passing, uttering, selling, and delivering counterfeited notes, in violation of 18 U.S.C. §§ 472-473 (1970). The sole question on appeal is whether the evidence supported a finding that the defendant acted with intent to defraud. We affirm.

In January 1973 the defendant, Hagan, got in touch with Wilbur E. Hall, an employee of the police department at Olford, Florida, seeking to have Hall help him dispose of some counterfeit money Hagan then had in his possession. Hall reported this incident to the sheriff of the county who told him to go along with Hagan in order to apprehend Hagan with some of the counterfeit money. On January 20 and 21, Hagan gave Hall three counterfeit $100 bills. Hall then arranged to have Hagan meet with a Treasury Agent who agreed to purchase $50,000 in counterfeit $100 bills from Hagan. Later, the Agent and Hagan again met, but Hagan stated that he had been unable to get the $50,000 in counterfeit bills; he had only $2,000 in counterfeit money. The Agent paid $550 in genuine bills, the serial numbers of which he had recorded, for the counterfeit $2,000.

Hagan's argument that the evidence did not support a finding of the requisite intent to defraud is based upon his testimony that the Treasury Agent represented to him that all the counterfeit money he was passing would be going to Mexico. He believed therefore that neither the United States Government nor anyone in the United States would be

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

defrauded or otherwise injured by his passage of the notes. There is no merit to this argument. The record contains ample evidence tending to show that Hagan knew that somebody would ultimately be defrauded by the notes he was passing. The defendant knew that the notes were counterfeit: in his discussions with the Treasury Agent, he discussed their quality and their defects; he cautioned the agent that passing the notes was a federal offense; he negotiated their sale at a price far below their face value. Furthermore, there was testimony by the Treasury Agent that Hagan had told him that the currency would pass through many hands before being detected.

Affirmed.