**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus SALDANA, Jr.,
Defendant-Appellant.**

No. 83–2520
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 11, 1984.

Michael J. Clayborne, Corpus Christi, Tex. (Court Appointed), for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Jesus Saldana, Jr., presently imprisoned for violating the special parole terms im-

posed in 1973 and in 1974 following narcotics convictions, seeks collateral relief under 28 U.S.C. § 2255. Saldana contends that his 1974 guilty plea was invalid because the district court failed to explain the nature and consequences of the special parole term. Adopting the magistrate's recommendation, the district court denied relief without an evidentiary hearing on the ground that Saldana did not allege that he was prejudiced by the court's oversight. We affirm.

## Facts

Saldana pled guilty on May 20, 1974 to one count of possession of 64 pounds of marihuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At that time he was serving a three-year sentence for a 1973 narcotics conviction. This first sentence included a special parole term of three years. After accepting the guilty plea the district court sentenced Saldana to three years' imprisonment and a special parole term of two years, to run consecutively to the first sentence. Saldana appealed the 1974 conviction, contending that his guilty plea was invalid because the district court failed to inform him that his sentence would run consecutively to the sentence then being served. Finding no violation of Rule 11 of the Federal Rules of Criminal Procedure, we affirmed. *United States v. Saldana*, 505 F.2d 628 (5th Cir. 1974).

Saldana was paroled in 1977. In 1979, he was convicted of a state offense and incarcerated. Upon his release in 1982 by the Texas authorities, Saldana's federal parole was revoked and he was sentenced to serve the combined five years of the two special parole terms.

In the instant § 2255 motion, filed nine years after entry of his guilty plea, Saldana alleges that the district court breached Rule 11 by failing to explain the nature and possible consequences of the special parole term made mandatory by 21 U.S.C. § 841. Specifically, Saldana alleges that the district court violated Rule 11(c)(1), which, following the 1982 amendments to the Federal Rules of Criminal Procedure, specifically directs the court to explain "the effect of any special parole term."

## Analysis

Were this matter before us on direct appeal, we might be constrained to vacate Saldana's guilty plea. *See McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Dayton*, 604 F.2d 931 (5th Cir.1979) (en banc). But such is not the case; Saldana levels a collateral attack upon the legality of his detention. In such instances, the petitioner must usually show more than a failure of literal compliance with Rule 11; he must plead and prove actual prejudice. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Keel v. United States*, 585 F.2d 110 (5th Cir. 1978) (en banc). In *Timmreck*, the Supreme Court held that a technical violation of Rule 11(c)(1) will warrant § 2255 relief only if the violation is (1) jurisdictional or constitutional, (2) a fundamental defect resulting in a complete miscarriage of justice, (3) an omission that is not consistent with the rudimentary demands of fair procedure, or (4) presents exceptional circumstances. In *Allen v. United States*, 634 F.2d 316 (5th Cir.1981), we noted the consonancy between *Timmreck* and our earlier decision in *Keel*.

We find none of the *Timmreck* exceptions applicable. Accordingly, Saldana is not entitled to § 2255 relief absent pleading and proof that he would not have pled guilty if the district court had fully explained the nature and consequences of the special parole term. *United States v. Crook*, 607 F.2d 670 (5th Cir.1979). Such prejudice was not pled, nor is it argued on appeal. The only reference to prejudice is found in Saldana's objections to the magistrate's recommendations. That bald assertion, made after the factfinder had ruled on the merits of Saldana's petition, is insufficient to satisfy the requirement that prejudice be alleged timely. Were we to hold otherwise, we would invite and counte-

nance the ambushing of the orderly judicial administration of § 2255 petitions.

In so concluding we are mindful of the systemic merit in the ultimate finality in criminal proceedings. As the Supreme Court observed in *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087–88:

> Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.

The judgment of the district court is AFFIRMED.