**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul E. PATTERSON, a/k/a "Pep"**
**Patterson, Defendant-Appellant.**

**No. 83–4001.**

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1984.

---

Paul E. Patterson, pro se.

Thomas C. Collier, Jr., Washington, D.C., (court-appointed), for defendant-appellant.

Glen H. Davidson, U.S. Atty., Alfred E. Moreton, III, Asst. U.S. Atty., Orford, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, JOLLY and DAVIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The petitioner Patterson, a federal prisoner, appeals from the denial of his application for post-conviction relief pursuant to 28 U.S.C. § 2255. He contends: (1) his plea was involuntary and unintelligently made because he was not informed of the nature and essential elements of the offense to which he pled; (2) the conspiracy count's indictment was fatally defective, so therefore the plea of guilty to the indictment admitted guilt of no crime; and (3) his sentence was grossly and unfairly disproportionate to that received by his more culpable co-conspirators and associates. We affirm.

In 1981, as part of a plea bargain, Patterson pled guilty to three counts of a six-count indictment that had alleged various counterfeiting offenses—one conspiracy count that alleged eighteen overt acts, and two substantive counterfeiting counts (possession and concealment, with intent to defraud; transfer and delivery, with intent that same be passed). He was sentenced to consecutive sentences totalling twelve and one-half years. The defendant then filed a timely motion under Fed.R.Crim.P. 35(b) to reduce his sentence. This motion was denied, and he did not appeal (allegedly through ignorance of his appellate rights). The present application for post-conviction relief was filed in 1982, some seven months after Patterson's motion for reduction of sentence was denied.

The district court dismissed his petition without an evidentiary hearing. It found that the transcript of the plea proceedings negated the contention that the plea was involuntary, and that the indictment defects were waived by the plea of guilty. The district court did not address Patterson's third contention that his sentence was grossly and unfairly disproportionate.

## I.

The district court's conclusion that the transcript of the guilty plea proceeding conclusively showed that Patterson's guilty plea was intelligently made was not error. For reasons to be shown, we conclude that the district court adequately determined that Patterson understood "the nature of the charges to which the plea" was offered, and failure to comply literally with Fed.R. Crim.P. 11(c)(1) does not require vacating the sentence.[1]

Although it is clear that the district judge's failure to comply with the letter of Rule 11(c)(1) would have entitled Patterson to reversal on direct appeal, *United States v. Dayton*, 604 F.2d 931 (5th Cir.1979) (en banc), this appeal arises from a post-conviction collateral attack. Section 2255 relief can be obtained on this issue only upon a showing of prejudice by the defendant. *Keel v. United States*, 585 F.2d 110, 113 (5th Cir.1978) (en banc). We hold that the defendant has not shown prejudice by the trial judge's noncompliance with Rule 11(c).

Patterson claims that his plea was unintelligently entered, and hence involuntary, because the district court failed to explain the nature of the charges to him. In this Rule 11 proceeding,[2] the district

---

1. Fed.R.Crim.P. 11(c)(1) provides:

    (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

    (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term
    . . . .

No contention is made that the penalties for the charges were not adequately explained and understood.

2. In its entirety, the part of the Rule 11 colloquy relating to the defendant's understanding of the charges reads as follows:

    THE COURT: Have you received and read a copy of the indictment in this case?

    MR. DEAN [counsel for the defendant]: Yes, sir, I was with him at the time he was arraigned.

    THE COURT: Have you fully read and fully explained to the defendant Paul E. Patter-

court questioned Patterson's attorney about his client's understanding of the indictment, the charges and the penalties. The court then questioned Patterson personally under oath. He received assurances that Patterson had read and discussed the indictment with his attorney, that he understood the charges and possible penalties, and that he believed his attorney was fully advised and informed as to the matters mentioned in the indictment. The defendant indicated that he understood the rights he was waiving, and that he entered the plea freely and voluntarily with "full knowledge and understanding of every charge and accusation in counts 1, 3, and 6." The Assistant United States Attorney then read the factual basis for the charges. Thus, based on the transcript of the plea hearing, the trial court did not comply with Rule 11(c) in two respects. First, the reading of the factual basis *followed* the court's questioning of the defendant, when it should either have preceded it or have been followed by additional questions as to the defendant's understanding of the charges against him. Sec-

ond, the court's acceptance of the defendant's and his attorney's assurances that Patterson understood the charges against him violated the Rule's requirement that "the court ... address the defendant personally in open court ... and determine that he understands ... the nature of the charge to which the plea is offered." Fed. R.Crim.P. 11(c).

As we have earlier indicated, were this challenge to Patterson's guilty plea brought on direct appeal, these errors would require automatic reversal. Under *United States v. Dayton*, 604 F.2d at 939 and *United States v. Punch*, 709 F.2d 889, 894 (5th Cir.1983), the judge's reliance on the testimony of Patterson and his attorney, rather than personally reading or explaining, inquiring, and satisfying himself of the defendant's appreciation of the nature of the charges, would constitute an "entire failure to address a core concern." [3] *Punch*, 709 F.2d at 894.

However, this is an appeal from a section 2255 proceeding and this court applies a

son all of the accusations made against him as set forth in the indictment?
MR. DEAN: Yes, sir.
THE COURT: Is it your belief that the defendant fully understands the nature of the charges contained in the indictment and all of the accusations made against him in this case?
MR. DEAN: Yes, sir.
....
THE COURT: Is it your considered and informed opinion that the plea of guilty is voluntarily and understandably made by the defendant?
MR. DEAN: Yes, it is.
....
[Questioning of the Defendant]
Q. Did you receive a copy of the indictment in this case before you were called upon to plead?
A. Yes, sir.
Q. Have you either read or had the indictment read to you by your attorney?
A. Yes, sir.
Q. Have you discussed the indictment with your attorney?
A. Yes, sir.
Q. Do you believe and feel that you understand the nature of the charges contained in the indictment and all of the accusations made against you in this case?

A. Yes, sir.
Q. Have you told your attorney all of the facts and circumstances known to you concerning the matters mentioned in the indictment?
A. Yes, sir.
Q. Do you believe and feel that your attorney is fully advised and informed as to all such matters?
A. Yes, sir.
Q. Has your attorney counseled and advised with you with respect to the nature of every accusation made against you in the indictment and as to any possible defenses you might have in this case?
A. Yes, sir.
....
Q. Do you offer your plea of guilty freely and voluntarily and of your own accord after full knowledge and understanding of every charge and accusation made against you in Counts One, Three, and Six of the indictment?
A. Yes, sir.
Q. Do you fully understand all of the proceedings that are going on here today?
A. Yes, sir.

3. The defendant's understanding of the accusation against him is one of three core concerns enunciated in *United States v. Dayton*, 604 F.2d at 939.

"less stringent standard of reviewing guilty pleas challenged collaterally pursuant to section 2255." *United States v. Dabdoub-Diaz*, 599 F.2d 96, 99 (5th Cir. 1979). In fact, this court has expressly rejected a per se rule invalidating guilty pleas in collateral proceedings for failure to comply precisely with Rule 11(c) procedures. *Keel v. United States*, 585 F.2d at 113. In *Keel*, we held that, in order for a defendant challenging his sentence pursuant to section 2255 to qualify for relief, he must show prejudice. *Id.* This court in *United States v. Saldana*, 731 F.2d 1192 at 1193 (5th Cir.1984), set out the four classes of violations of Rule 11(c)(1) which will warrant section 2255 relief, which the Supreme Court announced in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Relief is warranted *only* if the Rule 11 violation is "(1) jurisdictional or unconstitutional, (2) a fundamental defect resulting in a complete miscarriage of justice, (3) an omission that is not consistent with the rudimentary demands of fair procedure, or (4) presents exceptional circumstances." *United States v. Saldana*, at 1193. In *Saldana*, this court held that the petitioner was not entitled to section 2255 relief "absent pleading and proof that he would not have pled guilty if the district court had fully explained the nature and consequences of the special parol term." *Id.* Similarly, Patterson has not pled and proved he would not have pled guilty had Rule 11 been complied with, nor has he satisfied any of the *Timmreck* criteria for prejudice.

Patterson's claim that he did not understand the nature of the charges against him is refuted by the record. As the transcript indicates, Patterson answered affirmatively *under oath* to a series of questions from the district judge concerning his understanding of the charges to which he was pleading guilty. He was accompanied by his attorney at the plea hearing. No objections were made at that hearing to the reading of the factual basis for the charge by the defendant or his attorney. The "representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1628–1629, 52 L.Ed.2d 136 (1977). *See Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir.1983).

Patterson makes no showing that he would have pled any differently had Rule 11 been complied with. The reading of the factual basis for the indictment set forth the acts which formed the basis for the charges to which he was pleading guilty. No objection was made at that time to the statement. Patterson was fifty-three-years old at the time. He had a number of years of business experience and apparently managed substantial property that he owned. He pled guilty pursuant to a written agreement which resulted in a reduction in the total maximum sentence from sixty-five to thirty years. Again we repeat, he was represented by an attorney.[4] Thus, under the facts and background present here, Patterson has not met his burden of showing prejudice. *See United States v. Crook*, 607 F.2d 670, 672 (5th Cir.1979). Nor is he entitled to an evidentiary hearing on the voluntariness issue, where Patterson's allegations are "affirmatively contradicted by the record," *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir.1979), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981), and "directly contradicted by his testimony." *Moya*, 696 F.2d at 332.

## II.

Patterson's attack upon the validity of the conspiracy count to which he pled guilty seems to be of a two-fold nature: (1) that the indictment was fatally defective

---

**4.** The Supreme Court recently affirmed that a "strong presumption" exists in federal habeas cases "that counsel's conduct falls within the wide range of reasonable professional assist-ance." *Strickland v. Washington*, —— U.S. ——, ——, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

because it charged no statutory conspiracy violation, and that his plea therefore did not admit guilt of any offense; and (2) that the acts alleged in the factual basis read by the government at the Rule 11 hearing simply do not establish the conspiracy offense charged in count one. Both of these contentions seem, essentially, to rest upon the petitioner's misapprehension that a conspirator must himself knowingly participate in each of the overt acts alleged. Patterson contends, for example, that he did not know in advance that some of his alleged co-conspirators were going to print the counterfeit money that he subsequently was contacted to deliver or to sell.

The indictment and factual basis to support it are not deficient. Insofar as the indictment alleges a single agreement among parties as to an overall criminal objective, it conforms entirely to the law of conspiracy; the basic accusation of conspiracy is not rendered defective or multiplicitous simply because several criminal acts committed in the furtherance of the conspiracy are also alleged. Nor is it defective because Patterson did not participate in each of the overt acts alleged in furtherance of the overall scheme in which he knowingly and willingly participated. *United States v. Elliott,* 571 F.2d 880, 902–03 (5th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978); *United States v. Bolts,* 558 F.2d 316, 324–25 (5th Cir.1977), *cert. denied,* 439 U.S. 898, 99 S.Ct. 262, 58 L.Ed.2d 246 (1978). Patterson's argument that the requisite fraudulent intent to defraud the United States was not shown because the counterfeit federal money was intended for foreign distribution in Mexico, is an argument explicitly rejected by us in *United States v. Hagan,* 487 F.2d 897, 897–98 (5th Cir.1973). Therefore, Patterson is not entitled to relief on the basis of insufficiency of the indictment.

### III.

Finally Patterson complains of the severity of the twelve-and-one-half-year sentence that he received. He petitions for relief on the grounds that his co-conspirators, whom he claims were more culpable, received lighter sentences.[5] He bases his claims concerning their greater degree of culpability on the fact that they printed the counterfeit money while he only transferred and delivered it. Patterson acknowledges that reduction of his sentence should ordinarily be sought pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.[6] Here, however, because his co-conspirators were given the lighter sentences after the time limits provided by Rule 35(b) had expired, he urges that we consider his sentence reduction request under 28 U.S.C. § 2255.

Section 2255 cannot be used to obtain a sentence reduction after the 120-day time limit provided by Rule 35(b) had expired. *See United States v. Mogavera,* 535 F.Supp. 335 (D.N.J.1982), *citing United States v. Addonizio,* 442 U.S. 178, 179, 99 S.Ct. 2235, 2237, 60 L.Ed. 805 (1979). Moreover, the duration of imprisonment imposed by a trial court may not be attacked in a section 2255 proceeding for its severity if the sentence is within statutory limits. *United States v. Grene,* 455 F.2d 376, 377 (5th Cir.1972); *Putt v. United States,* 363 F.2d 369, 370 (5th Cir.), *cert. denied,* 385 U.S. 962, 87 S.Ct. 403, 17 L.Ed.2d 307 (1966). Here, Patterson's sentence is well within statutory limits. Furthermore, he does not contend that any improper factors were considered by the trial judge in imposing the sentence. In these circumstances, the trial judge failed to commit any improprieties in sentencing Patterson which would be subject to relief in a section 2255 proceeding. Consequently, Patterson's claim has no merit.

---

**5.** Several months after Patterson was sentenced, one of these co-conspirators was given a sentence of three years; the other, a sentence of eighteen months. Both of the co-conspirators were sentenced by a district judge in another state.

**6.** The 120-day time limit stated in Rule 35(b) is jurisdictional and cannot under any circumstances be extended by the court. *United States v. Gonzalez-Perez,* 629 F.2d 1081 (5th Cir.1980).

The judgment of the district court is, therefore,

AFFIRMED.

CLARK, Chief Judge, dissenting:

I respectfully dissent from the majority's holding that Patterson is not entitled to an evidentiary hearing on the disputed factual question whether he involuntarily pled guilty to the charges against him. I agree with the majority that Patterson must plead and prove prejudice to secure section 2255 relief. But since he has alleged prejudice in his pleadings and since it is not conclusively contradicted by the record, Patterson is now entitled to an opportunity to prove it.

Section 2255 requires a hearing on a motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Mack v. Smith*, 659 F.2d 23, 25 (5th Cir.1981); *United States v. Auten*, 632 F.2d 478, 482 (5th Cir.1980); C. Wright, *Federal Practice and Procedure* § 599 (1982). It is beyond question that if Patterson's allegations in his motion are true, he would be entitled to relief. *See McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). Thus, the initial issue for us on appeal should be whether the record conclusively shows that Patterson voluntarily pled guilty to the charges against him.

In his motion Patterson made these allegations:

Defendant Patterson did plea "guilty" in violation of Rule 11, F.R.C.P., in that he was not informed pursuant to Rule 11(c); Advice to Defendant Numbers (1), (2), (3), (4) and (5). This plea was entered unintelligently and resulted in Defendant entering a plea of guilty to charges he is innocent of, i.e. conspiracy to make counterfeit currency. A copy of the sentencing transcript is attached as Exhibit "A".

Defendant did likewise unknowingly and unintelligently plea guilty to these charges without knowledge of the required "intent" to defraud. The Agent of the government in this case was fully aware that the currency in question was counterfeit and there was NEVER any other misrepresentation to the contrary made by the Defendant.

The clear signal from this *pro se* response to the form motion's question is that had Patterson known intent to defraud was an element of the crime with which he was charged, he would not have pled guilty. The government responded to Patterson's motion by relying on the transcript from the plea hearing. It was on this record that the district court based its decision denying a hearing. The majority, however, concedes that the district court's questions to Patterson and his attorney during the plea hearing could not have enabled the court to determine whether Patterson understood the nature of the charges to which his plea was made. This concession is enough to preclude us as well from drawing the same conclusion.

I do not say that Patterson has proven prejudice sufficient to warrant section 2255 relief. I only say that under our case law he is entitled to the opportunity through an evidentiary hearing to prove prejudice.[1]

---

**1.** By its reliance on *Bryan v. United States*, 492 F.2d 775 (5th Cir.) (en banc), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974), the district court apparently construed Patterson's motion as an attempt to change his answers made at the plea hearing. But *Bryan* and Patterson's case are different. Patterson does not seek to change his answers after a full and fair plea hearing; rather, he seeks a hearing based on his allegation that had he been informed of the charges as Rule 11 expressly requires, he would have pled differently.