Solomon **WILLIAMS,**
Petitioner–Appellant,

v.

Larry **SMITH, Acting Warden, Louisiana State Penitentiary, et al.,**
Respondents–Appellees.

No. 88–4761
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1989.

Solomon Williams, Angola, La., pro se.

Eddie Knoll, Dist. Atty., Twelfth Judicial Dist., Thomas E. Papale, Marksville, La., for respondents-appellees.

Before GEE, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Williams asserts that his convictions for armed robbery and attempted first-degree murder violated double jeopardy and that he received ineffective assistance of counsel who failed to investigate Williams' drug-intoxicated state at the time of the offenses. We find no merit in these

contentions and affirm the denial of habeas corpus relief.

In May 1981, Williams pleaded guilty to armed robbery of Dave Jackson and Marion Washington on February 14, 1981; attempted first degree murder of Dave Jackson on February 14, 1981; and the first degree murders of Percy Pieriette and Robert Simon in the course of armed robberies committed during the same crime spree at a Louisiana nightclub. He was sentenced to consecutive terms of 99 years on the armed robbery count, 50 years for the attempted murder of Dave Jackson, and two life terms for the first degree murders of Pieriette and Simon. Williams has exhausted his state remedies.

■ Williams' federal habeas corpus petition alleges that his convictions for armed robbery and attempted murder violated the constitutional prohibition against double jeopardy because both convictions involve the same armed robbery. Relying on *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), Williams contends that he was convicted for the attempted first degree murder of Dave Jackson pursuant to Louisiana's felony murder rule. In *Harris*, the Supreme Court held that the double jeopardy clause prohibits prosecution for both felony murder and the underlying felony. He misconstrues the nature of the charge to which he pleaded guilty.

The indictment charged that:

On or about the 14th day of February 1981 [Williams attempted] to commit the crime of First Degree Murder by attempting to kill or inflict great bodily harm on one Dave Jackson, by shooting him with firearms while engaged in the perpetration of an armed robbery, *and/or with the specific intent to kill or inflict great bodily harm upon more than one person.* (emphasis added)

The applicable portions of the Louisiana murder statute provide:

First degree murder is the killing of a human being:

(1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or at-

tempted perpetration of ... armed robbery ...

... [or] ...

(3) *When the offender has the specific intent to kill or to inflict great bodily harm upon more than one person.*

La.Rev.Stat.Ann. § 14:30(A) (West 1986) (emphasis added). The former subsection of the statute is the Louisiana felony murder rule; the latter subsection is not. Williams was indicted for, pleaded guilty to, and convicted under both provisions. Though his conviction for attempted felony murder pursuant to § 14:30(A)(1) would raise double jeopardy concerns, his conviction pursuant to § 14:30(A)(3) for attempting to kill or inflict great bodily harm upon more than one person does not raise double jeopardy concerns. This portion of his claim is without merit.

■ Williams also contends that he received ineffective assistance of counsel because his attorney failed to pursue an insanity defense or a diminished capacity defense. Williams asserts that he had a long history of drug addiction, including two prior commitments to psychiatric institutions. Shortly before the crime he alleges he had taken mind altering drugs including PCP, heroin and LSD. Williams argues that because of his drug abuse he was not capable of forming the specific intent to commit any of the offenses for which he was charged.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the constitutional standard for effectiveness of counsel is the same in guilty plea cases as the Court earlier announced for criminal cases which have gone to trial. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard embodies the two-fold determination that (1) counsel's errors fell below an objective standard of reasonable competence, and (2) that but for counsel's errors, the outcome of the proceeding would have been different. 466 U.S. at 687–88, 691, 104 S.Ct. at 2065, 2067. In *Hill*, the requirement of prejudice was interpreted to mean, in the guilty plea context, that but for counsel's unprofessional or erroneous advice, the petitioner would have pleaded not guilty and elected to go to trial. Elaborating on this conclusion, the court observes:

> For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. 466 U.S. at 59, 106 S.Ct. at 370.

We find it unnecessary to decide whether counsel's alleged failure to investigate was constitutionally deficient performance because Williams has failed to show that, if his attorney had advised him of potential defenses based on his drug addiction, he would have insisted on pleading not guilty and going to trial. *See United States v. Smith*, 844 F.2d 203, 209 (5th Cir.1988). Consequently, Williams did not suffer prejudice under *Hill*. The reason for this conclusion is obvious: Williams was exposed to conviction for capital murder and was informed by his attorney that he would likely be convicted of capital murder of Pieriette and/or Simon. The evidence against Williams was apparently overwhelming. We find it inconceivable that Williams would have chosen to risk a capital sentence rather than to accept the life sentence he did receive following plea bargaining with the prosecutor. Williams acknowledges that in asserting the defenses of either insanity or diminished capacity, he would have had to admit the commission of the crimes. *See Martin v. Maggio*, 711 F.2d 1273, 1278 (5th Cir.1983) (court recognized that defense counsel "were uncomfortable with the intoxication defense because, to invoke it, Martin would have to admit that he committed the murders"); *cf.* La.Rev.Stat.Ann. §§ 14:14, 14:15 (West 1988) (mental defect or drugged condition must exist at "the time of the commission

of the crime"). The nature of the defenses would have permitted the introduction of much harmful psychiatric or other professional testimony which, if not credited by the jury, would almost surely have enhanced the prosecution's case against him. Williams has not shown such potential prejudice to his interests from counsel's alleged failure to explore his drug addiction defenses as to vitiate the voluntariness of his guilty plea.

For the foregoing reasons, the judgment of the district court is AFFIRMED.