George E. TAYLOR, Jr.,
Petitioner–Appellant,

v.

John P. WHITLEY, Warden, Louisiana
State Penitentiary,
Respondent–Appellee.

No. 90–4605.

United States Court of Appeals,
Fifth Circuit.

June 13, 1991.

George E. Taylor, Jr., pro se.

Eddie Knoll, Dist. Atty., Thomas E. Papale, Asst. Dist. Atty., Marksville, La., for respondent-appellee.

Before POLITZ, JOHNSON and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:

George E. Taylor, Jr. ("Taylor") entered guilty pleas on various criminal indictments arising from a shooting spree in a Louisiana bar. Taylor subsequently filed this federal habeas corpus petition alleging, *inter alia*, that the convictions on these guilty pleas violated his rights against double jeopardy. Concluding that Taylor's guilty pleas preclude habeas review of his double jeopardy claims, this Court affirms the district court's denial of habeas corpus relief.

## I. FACTS AND PROCEDURAL HISTORY

In the early morning hours of February 14, 1981, George E. Taylor, Jr. and four other men, armed with handguns and shotguns, entered the Point After Lounge in Marksville, Louisiana. One of the men that accompanied Taylor, Darryl Jett, announced that they had come to retrieve some money Jett had lost in a game of pool. Gunfire erupted. The proprietor of the bar, Robert Simon, and an employee, Percy Pierite, died in the ensuing melee. Five others were injured. Taylor and his accomplices left the scene of the incident after they had robbed two of the lounge's wounded patrons.

Following their capture in May, Taylor and another accomplice, Solomon Williams ("Williams"), entered guilty pleas on several criminal counts: two counts of first degree murder, one count of attempted first degree murder, and one count of armed robbery. A Louisiana state court sentenced both defendants to consecutive prison terms of ninety-nine years on the armed

# 327

robbery count and fifty years on the attempted murder count. In addition, the court imposed multiple life terms on each defendant for the first degree murders of Simon and Pierite.

Williams filed a federal habeas corpus petition alleging that his convictions for armed robbery and attempted first degree murder violated the constitutional prohibition against double jeopardy. He also claimed that he had received ineffective assistance of counsel at trial. The federal district court denied relief and, on appeal, the Fifth Circuit affirmed. *Williams v. Smith*, 888 F.2d 28 (5th Cir.1989). Taylor subsequently filed his own federal habeas corpus petition. Like Williams, Taylor alleged that his convictions placed him in double jeopardy and that he had received ineffective assistance of counsel. A magistrate judge, relying on the opinion in *Williams*, recommended that Taylor's petition be denied. After a de novo review of the record, the district court adopted the magistrate judge's report and recommendation.

## II. DISCUSSION

### A. *Collateral Attack on Guilty Pleas*

■ A guilty plea is more than a mere confession; it is an admission that the defendant committed the charged offense. *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). As a general rule, therefore, a convicted defendant may not collaterally attack a voluntary and intelligent guilty plea. *See Ma-*

bry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984); *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 1607–08, 36 L.Ed.2d 235 (1973). A voluntary and intelligent guilty plea does not become vulnerable to habeas corpus review simply because later judicial decisions indicate that the plea rested on a faulty premise or that the legal and factual evaluations of the defendant's counsel were incorrect. *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970).

■ A double jeopardy claim is not immune from the usual prohibition on collateral review of a guilty plea.[1] In *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Supreme Court declared that a defendant who has entered a plea of guilty to a criminal charge may *not* assert a double jeopardy claim in a collateral attack upon the sentence. *Id.* 109 S.Ct. at 765. The Court recognized only two narrow exceptions to this rule. First, a defendant may question the voluntary and intelligent character of the guilty plea in a collateral attack. *Id. See Brady*, 397 U.S. at 747, 90 S.Ct. at 1468. Second, a defendant may assert in a collateral attack that the face of the indictment or record against him establishes that his convictions violate the constitutional prohibitions against double jeopardy. *Broce*, 109 S.Ct. at 765.[2] Taylor raises both of these exceptions in his habeas petition. We address his double jeopardy argument first.

---

1. Several opinions of this Court have reached contrary conclusions. *See, e.g., United States v. Atkins*, 834 F.2d 426, 437 (5th Cir.1987); *Barnes v. Lynaugh*, 817 F.2d 336, 338 (5th Cir.1987); *United States v. Broussard*, 645 F.2d 504, 505 (5th Cir. Unit A 1981) ("the entry of a guilty plea does not waive a challenge based on a violation of the double jeopardy clause."); *Green v. Estelle*, 601 F.2d 877, 878 (5th Cir.1979) ("a guilty plea to an offense does not bar a double jeopardy claim."); *Green v. Estelle*, 524 F.2d 1243, 1244 (5th Cir.1975) ("where a valid double jeopardy claim would preclude a constitutional prosecution, a plea of guilty to that charge does not extinguish the double jeopardy claim."). To the extent that these cases conflict with the intervening Supreme Court opinion in *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102

L.Ed.2d 927 (1989), they are no longer binding precedent.

2. *Cf. Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975) (per curiam) (defendant could attack, notwithstanding guilty plea, indictment for refusal to answer questions before a grand jury after having served a sentence on a contempt charge arising from same failure to testify); *Blackledge v. Perry*, 417 U.S. 21, 30–31, 94 S.Ct. 2098, 2103–04, 40 L.Ed.2d 628 (1974) (defendant could attack, notwithstanding guilty plea, a felony assault indictment that the prosecutor obtained as a penalty for the defendant's pursuit of an appeal of a misdemeanor assault conviction arising from the same criminal act).

### 1. *Double Jeopardy*

Taylor contends that his convictions for armed robbery and murder violate the constitutional prohibition against double jeopardy because, if he had proceeded to trial and not entered guilty pleas, both convictions would have required proof of the same armed robbery. He correctly notes that the Double Jeopardy Clause prohibits prosecution for both felony murder and the underlying felony. *See Harris v. Oklahoma*, 433 U.S. 682, 682–83, 97 S.Ct. 2912, 2912–13, 53 L.Ed.2d 1054 (1977) (per curiam); *Neville v. Butler*, 867 F.2d 886, 889–90 (5th Cir.1989).[3] Under the rule announced in *Broce*, however, Taylor may succeed on his double jeopardy claim only if the violation is apparent on the face of the indictment or record. *Broce*, 109 S.Ct. at 765; *United States v. Kaiser*, 893 F.2d 1300, 1303 (11th Cir.1990).

The murder indictments on which Taylor entered guilty pleas each alleged that Taylor committed felony murder *or specific intent murder, or both*.[4] For example, one of the murder indictments charged that, on or about the fourteenth day ofFebruary 1981, Taylor and his accomplices [v]iolate[d] the provisions of La. R.S. 14:30 entitled "First Degree Murder" in that they did intentionally kill one, Percy Pierite, by shooting him with a firearm, while engaged in the perpetration of an armed robbery and/or with the specific intent to kill or inflict great bodily harm upon more than one person.[5] This language, on its face, does not raise double jeopardy concerns: it would have permitted the State to prosecute a specific intent murder charge as well as a felony murder charge. While the Double Jeopardy Clause prohibits prosecution for both felony murder and an underlying felony, it does not prohibit prosecution for specific intent murder and armed robbery. *Harris*, 433 U.S. at 683, 97 S.Ct. at 2913. Accordingly, there is no indication on the face of the indictments that the convictions placed Taylor in double jeopardy.

Likewise, the state court record offers no evidence that Taylor's convictions placed him in double jeopardy. The State had not specified before Taylor pled guilty which theory of first degree murder it intended to prove at trial. The State did not subsequently detail to the trial court the conduct that the State might have proven. Indeed, the State has not even provided this information to the Court on habeas review. In short, the record provides no clue whether the State (1) would have attempted to prove that Taylor committed felony murder or (2) would have attempted to prove that Taylor possessed the specific intent to kill or to inflict great bodily harm on his victims.

We do not suggest that Taylor's convictions pass constitutional muster; rather, we suggest that, even if Taylor's convictions violate the Double Jeopardy Clause, he cannot demonstrate a constitutional violation on the face of the indictments or record. Taylor might be able to prove a double jeopardy violation if this Court remanded his case to the district court for an evidentiary hearing.[6] However, Taylor

---

3. The Double Jeopardy Clause states: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

4. Similarly, the attempted murder indictment alleged that Taylor attempted felony murder *or specific intent murder, or both*.

5. Under Louisiana law, first degree murder is the killing of a human being:

 (1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of ... armed robbery ...

 ... [or] ...

 (3) When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person.

 La.Rev.Stat.Ann. § 14:30(A) (West 1986). Subsection (1).of the statute is the Louisiana felony murder rule; subsection (3) is not. *Williams*, 888 F.2d at 30.

6. In *Williams v. Smith*, a related habeas appeal, this Court ruled that the State of Louisiana did not violate the double jeopardy rights of Solomon Williams, one of Taylor's accomplices. 888 F.2d at 30. Like Taylor, Williams had entered a guilty plea to armed robbery and attempted murder counts. The Court reasoned that while Williams' "conviction for attempted felony murder pursuant to § 14:30(A)(1) [of the

waived his right to such an evidentiary hearing when he entered his guilty pleas. *Broce*, 109 S.Ct. at 766. We must reject his complaint that he has suffered a double jeopardy violation.

### 2. *Voluntary and Intelligent Character of the Pleas*

■ Taylor contends that his guilty pleas were not voluntary and intelligent. Before the trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976). The record reflects that Taylor expressly waived his legal rights and conceded the factual basis for the charged offenses. Following customary procedure, the trial

court extensively questioned the petitioner regarding his understanding of the indictments. Taylor admitted that he had violated the Louisiana murder statutes, acknowledging that first degree murder under Louisiana law included felony murder and specific intent murder. He expressed no discomfort with his decision to enter guilty pleas. These facts amply support the district court's conclusion that Taylor's guilty pleas were voluntary and intelligent.

■ Taylor argues that he did not have a correct understanding of the legal effect of his pleas. He contends that he would not have entered guilty pleas on both the murder and armed robbery counts if he had realized that convictions on these counts raised potential double jeopardy concerns. In determining if a plea is voluntary and intelligent, however, the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect. *Id.* at 644, 96 S.Ct. at 2257; *United States v. Nieuwsma*, 779 F.2d 1359, 1362 (8th Cir.

Louisiana first degree murder statute] would raise double jeopardy concerns, his conviction pursuant to § 14:30(A)(3) for attempting to kill or inflict great bodily harm upon more than one person does not raise double jeopardy concerns." *Id.* Thus, the Court concluded that the *mere possibility* that the State could have pursued a conviction for attempted murder under an "intent to kill or inflict great bodily harm" theory was sufficient to negate Williams' double jeopardy claim. *Id.*

This Court's conclusory approach to double jeopardy in *Williams v. Smith* is perhaps no longer valid. In *Grady v. Corbin*, — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the Supreme Court recognized that a double jeopardy claim is not meritless simply because the State can pursue a conviction under either of two theories, only one of which raises double jeopardy concerns. The Court in *Grady* reasoned that, in such a situation, the "critical inquiry is what conduct the State will prove." *Id.* 110 S.Ct. at 2093. The defendant is entitled to an evidentiary hearing in which the State must (1) demonstrate the conduct that it intends to prove at trial, and (2) establish that a conviction on the new offense would not violate the prohibition against double jeopardy. *Id.* at 2094 n. 14 (If the defendant in such a hearing "puts double jeopardy in issue with a non-frivolous showing that an indictment charges him with an offense

for which he was formerly placed in jeopardy, the burden shifts to the government to establish that there were in fact two separate offenses.") (quoting *United States v. Ragins*, 840 F.2d 1184, 1192 (4th Cir.1988)). *See also United States v. Stricklin*, 591 F.2d 1112, 1124 (5th Cir.) ("we assign the burden of persuasion in a pretrial double jeopardy hearing to the government upon the defendant's making a prima facie showing of prior jeopardy."), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979). If the State admits in the hearing that it intends to prove a criminal offense with conduct for which the petitioner has already been prosecuted, it may not proceed with its prosecution on the new offense.

The "conduct" analysis in *Grady v. Corbin* certainly applies to successive prosecutions that raise double jeopardy concerns. It is unclear whether this analysis applies to a single prosecution for multiple offenses, but we need not reach this question here. Rather, we have assumed, for purposes of this opinion, that *Grady* fully applies. In the ordinary case, we would remand to the district court for an evidentiary hearing to determine whether Taylor has suffered a double jeopardy violation. In the instant case, however, Taylor has waived his right to complain that he has suffered a double jeopardy violation. *See United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 766, 102 L.Ed.2d 927 (1989).

1985). We conclude, as did the magistrate judge and the district court, that Taylor clearly understood the nature and substance of the charges against him.

██ We recognize that the Supreme Court has repeatedly emphasized that a defendant can waive constitutional rights only if the defendant *deliberately* relinquishes those rights. *See, e.g., Barker v. Wingo,* 407 U.S. 514, 528–29, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972) (speedy trial); *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) (freedom from self-incrimination); *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962) (right to counsel); *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (right to counsel). The constitutional right against double jeopardy is *ordinarily* no exception. A defendant who enters a guilty plea despite indictments or a trial court record that evince on their face a double jeopardy violation must expressly relinquish his rights against double jeopardy; otherwise, he has not waived his right to challenge the double jeopardy violation.

██ We conclude, however, that the "deliberate relinquishment" requirement does not apply to double jeopardy violations that are not apparent on the face of the indictments or trial court record at the time the defendant enters his plea. A violation of the constitutional prohibition against double jeopardy, unlike many constitutional protections,[7] can be obscure: as in the instant case, a double jeopardy violation may be apparent only if the district court conducts an evidentiary hearing in which the State admits that it intends to

prosecute the defendant twice for the same offense.[8] The fact that a double jeopardy violation is not apparent does not invalidate a guilty plea. This Court has previously determined that the failure to inform the defendant of every conceivable consequence of a guilty plea does not render the plea involuntary and unintelligent. *See United States v. Woods,* 870 F.2d 285, 288 (5th Cir.1989) (failure to inform defendant that his conviction on a guilty plea might enhance a sentence following a subsequent conviction is not constitutional error); *Meaton v. United States,* 328 F.2d 379, 380–81 (5th Cir.1964) (failure to inform defendant that his conviction on a guilty plea might forfeit his rights to vote and travel abroad is not constitutional error), *cert. denied,* 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965). The same rule applies here. The failure to inform the defendant that his convictions raise double jeopardy concerns that are not apparent on the face of the indictments or record does not render a guilty plea involuntary and unintelligent.[9] A contrary conclusion would be unworkable, requiring that the trial court and defense counsel predict, and then inform the defendant, that seemingly valid convictions might under a given set of circumstances offend the constitutional proscription against double jeopardy.

In the instant case, the trial court record and the indictments against Taylor do not evince on their face a double jeopardy violation. Perhaps the State of Louisiana has unconstitutionally placed Taylor in double jeopardy; we do not know. We can ascertain, however, that Taylor adequately understood the nature of the charges against

---

**7.** A guilty plea, by definition, waives the right to jury trial and the freedom against self-incrimination. The same is not necessarily true of the right against double jeopardy. *Broce,* 109 S.Ct. at 765.

**8.** The "same offense," as the term is used here, is (1) an offense which requires the identical elements of proof of the original offense, or (2) a greater- or lesser-included offense. *See Brown v. Ohio,* 432 U.S. 161, 168–69, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977). In a prosecution for felony murder, the underlying felony is a lesser-included offense. *Harris,* 433 U.S. at 682–83, 97 S.Ct. at 2912–13.

**9.** *United States v. Broce* requires this result. The decision in *Broce* would be meaningless if a petitioner in a collateral proceeding could assert that his guilty pleas were involuntary and unintelligent because he was not informed that his convictions raised double jeopardy concerns that were not apparent in the indictments or record. The petitioner, in essence, could present an otherwise prohibited double jeopardy challenge under the veil of an attack on the informed nature of his pleas.

him. The fact that Taylor was not informed that these charges might present double jeopardy concerns in this case does not affect the voluntary and intelligent nature of his pleas.

### B. *Ineffective Assistance of Counsel*

 Taylor contends that he was denied effective assistance of counsel because his attorney failed to advise him that convictions on the armed robbery and murder counts might deprive Taylor of his constitutional right against double jeopardy. In order to demonstrate that his trial counsel was ineffective, Taylor must show that his counsel's actions fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). At the time the plea was entered, however, a reasonable attorney could have concluded that the armed robbery and murder convictions would not violate double jeopardy. *See Williams v. Smith*, 888 F.2d at 30. Accordingly, counsel's failure to inform Taylor of the potential double jeopardy ramifications of his guilty pleas was not ineffective assistance.

### III. CONCLUSION

Taylor's habeas corpus petition must be denied. The petitioner has entered voluntary and intelligent pleas of guilty and, therefore, has waived his claim that his convictions violate the constitutional proscription against double jeopardy. Moreover, Taylor cannot demonstrate that his counsel during plea bargaining was ineffective. The judgment of the district court is affirmed.

AFFIRMED.