# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 95-10744
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMAIHAN MAKAYU, also known
as Makayu Ramaihan,

Defendant-Appellant.

_ _ _ _ _ _ _ _ _ _ _

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-54-1

_ _ _ _ _ _ _ _ _ _ _
July 3, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges:

PER CURIAM:[*]

Court-appointed counsel for Ramaihan Makayu filed a motion to withdraw and brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Makayu filed a response, a motion for appointment of counsel on appeal, and a motion for continuance to file an appellate brief.  Our review of the record discloses that the issues raised by counsel do not give rise to an issue of arguable merit. Makayu's contention that he was denied his constitutional right barring double jeopardy cannot be determined from the record.  Because the record does not contain documentation of the forfeiture proceeding, this court cannot determine whether jeopardy attached in the previous forfeiture proceeding, see United States v. Halper, 490 U.S. 435, 448-49 (1989); United States v. Arreola-Ramos, 60 F.3d 188, 192 (5th Cir. 1995), or whether Makayu waived his Fifth Amendment

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

right by entering a guilty plea.  <u>See</u> <u>Taylor v. Whitley</u>, 933 F.2d 325, 327 (5th Cir. 1991), <u>cert. denied</u>, 503 U.S. 988 (1992).  Accordingly, counsel's motion to withdraw is GRANTED and the APPEAL IS DISMISSED as frivolous.

Because counsel's <u>Anders</u> motion is granted, Makayu's motion for appointment of counsel on appeal and motion for continuance to file an appellate brief are DENIED as moot.