IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10461
Summary Calendar
_____

KENNETH GLENN MILNER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94-CV-207
--------------------
February 17, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

     Kenneth Glenn Milner, Texas-state prisoner #573559, appeals

the district court's denial of his petition for a writ of habeas

corpus under 28 U.S.C. § 2254.  Milner argues that his conviction

for the first degree of the murder of Frankie Garcia in cause no.

2379 violates the Double Jeopardy Clause and that the district

court's finding of waiver is in error because the double jeopardy

violation is apparent on the face of the indictment.  Milner also

contends that his counsel rendered ineffective assistance in

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failing to advise him of his double jeopardy defense and that his guilty plea was unknowing and involuntary. The respondent confesses error, conceding that the district court's finding of waiver is not supported by legal authority and that Milner's conviction in cause no. 2379 violates the Double Jeopardy Clause.

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977). "The same-elements test . . . inquires whether each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696 (1993); see Blockburger v. United States, 284 U.S. 299 (1932). A guilty plea waives a double jeopardy claim unless either the knowing and voluntary nature of the plea is challenged or the double jeopardy violation is discernible on the face of the indictment or record. See Taylor v. Whitley, 933 F.2d 325, 327-28 (5th Cir. 1991).

Count three of Milner's indictment in cause no. 2379 contains no element which also was not required to be proved in Milner's attempted capital murder prosecutions, cause nos. 2404 and 2405. Thus, Milner's conviction in cause no. 2379 violates the Double Jeopardy Clause. See Dixon, 509 U.S. at 696. Because the double jeopardy violation is apparent on the face of the indictment, Milner did not waive the claim by pleading guilty. See Taylor, 933 F.2d at 327-28.

The judgment of the district court denying Milner's habeas petition is VACATED and this case is REMANDED to the district court with instructions to grant Milner's petition for a writ of habeas corpus.  Milner's claims of ineffective assistance of counsel and an involuntary guilty plea are moot.

VACATED AND REMANDED.