No. 99-40722
- 1 -

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40722
Summary Calendar
_____


FELIX ZAPATA, JR.,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

----------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-286
----------------------
April 7, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     In this appeal from the denial of a 28 U.S.C. § 2254 habeas

corpus petition, the district court has granted Felix Zapata,

Jr., a Texas prisoner (# 667276), a certificate of appealability

("COA") with respect to the issue whether a Texas controlled-

substances tax assessed by the Texas Comptroller, and partially

collected from Zapata, violated his rights under the Double

Jeopardy Clause, when Zapata had also pleaded guilty to a drug-

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

possession offense involving the same controlled substance that was the subject of the tax. The tax was assessed before Zapata's criminal conviction, but the collection did not begin until afterward.

Regardless whether the assessment or collection of the tax violated double-jeopardy principles, Zapata's claim is not cognizable under 28 U.S.C. § 2254. If it is assumed arguendo that the *assessment* of the tax, as opposed to its collection, constituted a "punishment" for double-jeopardy principles, then Zapata cannot argue that his subsequent guilty-plea conviction violated the Double Jeopardy Clause. This is because a "defendant who has entered a plea of guilty to a criminal charge may *not* assert a double jeopardy claim in a collateral attack on the sentence." See Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991) (citing United States v. Broce, 488 U.S. 563, 574 (1989)).

If it is assumed arguendo that the *collection* of the tax amounted to a second "punishment" following the guilty-plea conviction, Zapata likewise cannot prevail. Section 2254 does not make available the type of relief recommended by the state trial court, which urged that Zapata's tax be vacated; "habeas corpus cannot be invoked to challenge a conviction that resulted in a cash fine only against the defendant," as such penalty does not satisfy the "in custody" requirement. See Spring v. Caldwell, 692 F.2d 994, 996 (5th Cir. 1982). The tax in Zapata's fine is similar to the fine in Spring in that it does not pertain to the "in custody" requirement.

Zapata's "Motion for Leave to File Response to Respondent's Letter Brief" is DENIED.  <u>See</u> FED. R. APP. P. 31(a)(1).

AFFIRMED; MOTION DENIED.