United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-30072

MICKEY TAYLOR,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(04-CV-991)

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

      Mickey Taylor was convicted of second degree murder and attempted armed robbery. In his

habeas proceedings, he alleges a double jeopardy violation. We affirm the district court.

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mickey Taylor and Howard Skinner were riding in Taylor's car on October 29, 1996. Barbara Owens pulled her car in front of Taylor's car, and Taylor stopped his car. Taylor got out of his car, approached Owens's truck, and learned that she wanted to buy drugs. Taylor returned to his car and told Skinner that he intended to rob Owens. Taylor secured his .38 caliber pistol, cocked it, and walked over to Owens's truck with the gun behind his back. Owens's window was rolled down half way. Taylor stuck the gun in and fired. Taylor contends that Owens pulled on his hand, causing him to accidentally discharge the gun. The bullet struck Owens, and she died.

Taylor was charged with attempted armed robbery and second degree murder. A jury found him guilty of both counts. At trial, the prosecution pursued two theories of second degree murder under Louisiana law: felony murder and specific intent murder. The polling of the jury did not reveal under which theory the jury convicted Taylor. Taylor was sentenced to consecutive terms of life imprisonment for the second degree murder conviction and forty-nine and one-half years for the attempted armed robbery conviction. Taylor alleged double jeopardy in his state habeas proceedings, but his petition was denied. Taylor alleged multiple claims in federal habeas, including his double jeopardy claim, all of which were denied. The district court denied a COA on the double jeopardy issue, but this court granted one, leading to the instant proceedings.

## II. DISCUSSION

Because this is a habeas proceeding governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), we review the district court's legal conclusions de novo, *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir.), *cert. denied*, 541 U.S. 1087 (2004), but must defer to the state court's

2

adjudication of Taylor's claim unless the state court's conclusions were "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court or were based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1) & (2); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Whether different statutes punish the same offense is judged by "whether each provision requires proof of an additional fact which the other does not." *Id.* at 166 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). The Double Jeopardy Clause prohibits prosecution for both a felony-murder and the underlying felony, but it does not prevent prosecution for specific intent murder and another felony committed at the same time. *Harris v. Oklahoma*, 433 U.S. 682 (1977); *Taylor v. Whitley*, 933 F.2d 325, 328 (5th Cir. 1991).

In Louisiana, an individual commits second degree murder if (1) he has a specific intent to kill, or (2) if he kills during the commission of, among other things, attempted armed robbery, even though he had no intent to kill (felony murder). La. Rev. Stat. Ann. § 14:30.1 (West 1997 & Supp. 2005). Taylor argues that there was insufficient evidence to convict him of specific intent second degree murder. The state appellate court determined that, although the jury was not polled regarding its basis for the second degree murder conviction, the facts and circumstances of the killing, together with the trial court's instruction on both theories, supported a conviction under the specific intent portion of the second degree murder statute.

This court has noted in dicta that in cases where a defendant has not pleaded guilty and

3

waived his right to an evidentiary hearing, it may be possible to prove a Double Jeopardy violation where the state record provided no clue about which theory a defendant was convicted under. *Taylor*, 933 F.3d 328-29 & n.6. However, under AEDPA, we are only allowed to consider clearly established precedent from the Supreme Court and must accept the state court's adjudication of the facts unless clearly unreasonable. Under governing Supreme Court precedent, the prosecution's pursuit of two different theories of murder in conjunction with the attempted murder charge did not violate clearly established law. Additionally, the state court determined that the facts supported a conviction for specific intent murder, a mixed finding of law and fact that is not clearly unreasonable. Therefore, we affirm the judgment of the district court denying Taylor habeas relief.

## III. CONCLUSION

For the above reasons, we affirm the district court.