IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 04-31240
Summary Calendar

DERRICK T. MITCHELL

Petitioner-Appellant

v.

WARDEN LOUISIANA STATE PENITENTIARY, on behalf of N Burl Cain

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CV-1369

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick T. Mitchell, Louisiana prisoner # 297573, appeals the district court's denial of his 28 U.S.C. § 2254 application, challenging his conviction and sentence for second degree murder and aggravated kidnaping. At issue is whether Mitchell's convictions for both second degree murder and aggravated kidnaping violate the constitutional prohibition against double jeopardy. Mitchell contends that he was convicted under the theory of felony murder, and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore, his conviction for the underlying felony of aggravated kidnaping is an essential element of second degree murder.

Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief may not be granted to any issue that was adjudicated on the merits by the state court unless the state court's conclusions were "contrary to" or involved an "unreasonable application" of clearly established federal law as determined by the Supreme Court or were based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1), (2).

The state pursued prosecution against Mitchell under both the specific intent murder and felony murder theories. The jury was instructed on both theories, and the verdict did not reveal under which theory Mitchell was convicted. The pursuit of two different murder theories in conjunction with a charge for an underlying felony does not violate clearly established federal law. Taylor v. Cain, 227 F. App'x 387, 388 (5th Cir. 2007). Additionally, the state appellate court found that the facts presented at Mitchell's trial supported a conviction for specific intent murder. The state court's determination is not unreasonable. See § 2254(d)(2).

Accordingly, the judgment of the district court is AFFIRMED.