# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20230
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AYODEJI FASHOLA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-740

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ayodeji Fashola pleaded guilty to conspiring to commit mail and wire fraud, *see* 18 U.S.C. §§ 1341, 1343, 1349, and to procuring his naturalization unlawfully, *see* 18 U.S.C. § 1425(b). The Government moved to vacate his naturalization because he pleaded guilty to procuring it unlawfully. *See* 18 U.S.C. § 1451(e). The district court granted the motion, revoking and setting aside Fashola's naturalization and canceling Fashola's certificate of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

naturalization.  The court sentenced Fashola to a cumulative prison term of 168 months and to concurrent supervised release terms of three years.

Fashola asserts that he was not advised of the deportation consequences of his conviction before he entered into an agreement to plead guilty.  He raises a Sixth Amendment issue (whether a defendant received effective assistance of counsel) and a Federal Rule of Criminal Procedure 11 issue (whether a guilty plea was knowing and voluntary).  *See Padilla v. Kentucky*, 559 U.S. 356, 360 (2010); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).  The district court did not address the question of counsel's effectiveness.

We conclude that this is not the "rare case[ ] in which the record allows [us] to fairly evaluate the merits of the claim" that counsel was ineffective. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 135 S. Ct. 123 (2014).  The record does not permit us to decide, without speculation, whether Fashola's counsel failed in his *Padilla* duties or, if he did, whether his failure prejudiced Fashola.  *See United States v. Thomas,* 12 F.3d 1350, 1368 (5th Cir. 1994).

The second part of Fashola's combined claim concerns the asserted invalidity of the plea agreement resulting from the district court's Rule 11 proceeding.  Before accepting a guilty plea, the district court must ensure that the defendant has a full understanding of the plea's consequences.  *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991); *see* FED. R. CRIM. P. 11.  Because Fashola did not raise this claim in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To prevail, Fashola must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett*, 556 U.S. at 135.  If he makes that showing, we have discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.*  We review

No. 15-20230

the "claim against the entire record." *United States v. Young*, 470 U.S. 1, 16 (1985).

The district court advised Fashola, before he pleaded, that if his citizenship were withdrawn as part of the plea agreement, it would lead to his deportation. Additionally, the prosecutor remarked that Fashola's failure to reveal his pre-naturalization crimes in this country eliminated any chance of naturalization. Earlier, at a detention hearing, the magistrate judge stated in his presence that unlawfully procuring his naturalization made Fashola subject to deportation and denaturalization. Also, although the presentence report noted that by pleading guilty Fashola may be removed from the United States, he affirmed his guilt at sentencing and made no attempt to withdraw his plea. *See United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013). Additionally, the district court attempted to verify that counsel advised Fashola competently. Thus, the record as a whole shows that the question whether the district court failed to assure adequately that Fashola was alerted to immigration consequences as required by Rule 11 is at least open to reasonable dispute, and therefore there can be no plain error. *See Puckett*, 556 U.S. at 135; *Young*, 470 U.S. at 16; *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). Further, we question, given these facts, whether Fashola can show that, but for any error by the district court, he would not have pleaded guilty but would have proceeded to trial. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

But even if Fashola has met the first three prongs of plain error review, he nevertheless has not shown that we should exercise our discretion to remedy error. *Puckett*, 556 U.S. at 135. Such discretion "should be employed in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Escalante-Reyes*, 689 F.3d 415, 425. (5th Cir. 2012) (en banc)

No. 15-20230

(internal quotation marks and citation omitted).  Fashola does not argue that a miscarriage of justice would result if we were to forgo exercising our discretion in this instance, nor does our review of the record support such a conclusion.

Consequently, we affirm without prejudice to Fashola's right to seek in a 28 U.S.C. § 2255 proceeding such review of his ineffective assistance of counsel claim as may be available under the terms of the plea agreement.  *See Isgar*, 739 F.3d at 841; *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

AFFIRMED.